RECEIVED

JUN 27 2018

OFFICE OF THE
CIRCUIT EXECUTIVE

06-13-90009

JUDICIAL COUNCIL
OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re Complaint of Judicial Misconduct ) | ORDER AND MEMORANDUM |
| ) | |
| ) | |

BEFORE:   COLE, Chief Circuit Judge, BATCHELDER, GIBBONS, SUTTON, KETHLEDGE, WHITE, and STRANCH, Circuit Judges; HOOD, McKINLEY, GAUGHAN, CALDWELL, VARLAN, JONKER, ANDERSON, and CRENSHAW, Chief District Judges.[1]

This matter is before the Judicial Council of the Sixth Circuit, subsequent to a decision of the Judicial Conduct and Disability Committee of the Judicial Conference of the United States (Judicial Conference Committee) on a Petition for Review filed by Judge John R. Adams of the U.S. District Court for the Northern District of Ohio (Attachment 1). The Judicial Conference Committee reviewed our earlier order (Attachment 2), which found that Judge Adams committed misconduct under the Judicial Conduct and Disability Act of 1980 ("Act"), 28 U.S.C. §§ 351-64, and the Rules for Judicial-Conduct and Judicial-Disability Proceedings ("Rules") (amended Spt. 17, 2015). We previously found that Judge Adams committed misconduct when he issued a Show Cause Order to a magistrate judge on February 1, 2013, and when he refused to cooperate with the Special Committee investigating the Complaint against him by failing to undergo a mental health

---

[1] Edmund A. Sargus, Jr., Chief District Judge, recused himself from this matter; Richard A. Griffin and Amul R. Thapar, Circuit Judges, abstained.

examination conducted by a psychiatrist selected by the Special Committee. We found that Judge Adams's refusal to undergo the examination prevented the Judicial Council from being able to determine whether Judge Adams has a "temporary or permanent impairment . . . rendering [him] unable to discharge the duties of the particular judicial office." Rule 3(e).

In particular, we found that Judge Adams' issuance of the Show Cause Order to a magistrate judge was prejudicial to the effective and expeditious administration of the business of the United States District Court for the Northern District of Ohio, and was outside the scope of normal, acceptable behavior expected within the judiciary.

We also found that sufficient evidence existed to merit further investigation into whether Judge Adams suffers from a mental or emotional disability that renders him unable to discharge the duties of his office. We accordingly ordered that no new cases would be assigned to Judge Adams for a period of two years, and that his present docket would be transferred to other judges.

We also required that Judge Adams undergo a mental-health evaluation by a psychiatrist selected by the Special Investigating Committee, and determined that Judge Adams must submit to any treatment or counseling deemed necessary by the psychiatrist.

The Judicial Conference Committee denied in part and granted in part Judge Adams's Petition for Review. The Committee affirmed our finding that Judge Adams's actions related to and involving the Show Cause Order, as well as his actions to impede the court's oversight of other internal administrative matters, constituted misconduct and affirmed our public reprimand of Judge Adams for this conduct. The Committee also affirmed our finding that Judge Adams's refusal to cooperate with the Special Committee's request that he undergo a mental health examination by a psychiatrist selected by the Special Committee constituted misconduct. *See* Attachment 1 at 40.

In an extensive analysis, the Committee also concluded that we had a reasonable basis for requesting that Judge Adams undergo a mental health examination, and in so deciding, we acted within our lawful discretion. *See* Attachment 1 at 23–34 and 35–36. Thus, the Committee affirmed our Order directing that Judge Adams undergo such an examination and any necessary treatment that may be prescribed. However, because we did not include in our previous Order any specific findings regarding whether Judge Adams's conduct had adversely affected his ability to discharge the adjudicative duties of his office, the Committee vacated the portion of our previous Order prohibiting the assignment of new cases to Judge Adams for two years and transferring Judge Adams's current cases to other judges.

The Judicial Council returned the matter to the Special Investigating Committee for appropriate action consistent with the Order of the Judicial Conference Committee, and requested a status report and any recommendations of the Special Committee. The Special Investigating Committee subsequently reported to us that it had again attempted to arrange the mental health evaluation as ordered by the Judicial Council and affirmed by the Judicial Conference Committee, but Judge Adams had refused to comply. In line with the guidance from the Conference Committee opinion, the Special Committee recommended that the Judicial Council prohibit the assignment of new cases to Judge Adams for six months as a sanction for his failure to comply.

In particular, the Special Committee on August 31, 2017, wrote to Judge Adams's counsel regarding the mental health examination ordered by the Judicial Council and affirmed by the Conference Committee. The Special Committee asked that Judge Adams either contact the psychiatrist selected by the Special Committee directly or work through the Special Committee to arrange for the evaluation by September 14.

3

On September 14, at 4:59 p.m., the Special Committee received a letter from one of Judge Adams's attorneys, Paul Orfanedes of Judicial Watch, Inc., stating Judge Adams did not intend to undergo the required psychiatric examination. The letter also stated that Judge Adams was filing a lawsuit in the U.S. District Court for the District of Columbia challenging the authority of the Judicial Council and the Conference Committee to order the examination.

In light of Judge Adams's renewed refusal to comply with the Judicial Council's Order after the exhaustion of his review rights, the Special Committee recommended that the sanction mentioned by the Conference Committee is clearly warranted.

The Judicial Council reconvened on March 20, 2018 to consider a proposal for resolving the matter based on current circumstances. That proposal did not involve removal of case assignments from Judge Adams.

At the March 20 meeting, the Judicial Council discussed the position of the judges of the Northern District of Ohio that Judge Adams's behavior had improved and stabilized. The judges reported that there had been no recurrence of the sort of behavior that occasioned the misconduct finding. Moreover, there had been no recent reports of courtroom misbehavior.[2]

After reassessment, the Judicial Council declined to halt assignment of cases to Judge Adams. Instead, the Judicial Council, hopeful that Judge Adams can serve without any further misconduct, imposes no further sanction at this time. The Judicial Council will review the matter in one year and will, if no further misconduct has occurred, dismiss the complaint. The Judicial Council notes that the judges of the Northern District of Ohio unanimously favor this result. The Judicial Council retains jurisdiction over this matter.

---

[2] Courtroom behavior was not addressed in the initial complaints, but some evidence concerning courtroom and case-related behavior was developed during the investigation.

4

*Judge Adams has a right to petition the Committee on Judicial Conduct and Disability of the Judicial Conference of the United States for a review of this Order and Memorandum. Rules 20(f), 21(b). This Order and Memorandum shall be made public 64 days after its filing, provided that no petition for review is filed before then. Rules 22(c), 24.*

Dated:  June 27, 2018                                                      IT IS SO ORDERED