**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE HON. JOHN R. ADAMS, <br><br> Plaintiff, <br><br> v. <br><br> JUDICIAL COUNCIL OF THE SIXTH CIRCUIT, *et al.*, <br><br> Defendants. | Case No. 1:17-cv-01894-ABJ |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
ON GROUNDS OF MOOTNESS**

JOSEPH H. HUNT
Assistant Attorney General

JENNIFER D. RICKETTS
Director
Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Director
Federal Programs Branch

M. ANDREW ZEE
Trial Attorney (California Bar No. 272510)
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-6646
m.andrew.zee@usdoj.gov

November 14, 2018                                         *Counsel for Defendants*

– i –

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ....................................................................................................................... 2

    A.    The June Order is not ambiguous. ........................................................................ 2

    B.    Judge Adams's claim of reputational harm is insufficient to overcome mootness. ............................................................................................................. 3

    C.    The voluntary cessation doctrine does not preclude dismissal on mootness grounds. ................................................................................................................. 5

CONCLUSION .................................................................................................................... 7

## TABLE OF AUTHORITIES

**CASES**                                                                                                                              **Page(s)**

*City of Los Angeles v. Lyons*,
    461 U.S. 95, 104 (1983) .................................................................................................. 7

*Clarke v. United States*,
    915 F.2d 699 (D.C. Cir. 1990) ........................................................................................ 6

*Coal. of Airline Pilots Ass'ns v. FAA*,
    370 F.3d 1184 (D.C. Cir. 2004) ...................................................................................... 1

*Foretich v. United States*,
    351 F.3d 1198 (D.C. Cir. 2003) ................................................................................. 4, 5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*,
    528 U.S. 167 (2000) ........................................................................................................ 5

*Honig v. Doe*,
    484 U.S. 305 (1988) ........................................................................................................ 7

*Larsen v. U.S. Navy*,
    887 F. Supp. 2d 247 (D.D.C. 2012) ............................................................................. 6

*McBryde v. Committee to Review Circuit Council Conduct & Disability Orders of Judicial Conference of U.S.*,
    264 F.3d 52 (D.C. Cir. 2001) ............................................................................... *passim*

*Nat'l Black Police Ass'n v. D.C.*,
    108 F.3d 346 (D.C. Cir. 1997) ........................................................................................ 6

*Penthouse Int'l, Ltd. v. Meese*,
    939 F.2d 1011 (D.C. Cir. 1991) ................................................................................. 2, 5

**INTRODUCTION**

In its June 27, 2018 Order ("June Order"), ECF No. 20-2, the Judicial Council of the Sixth Circuit withdrew the action that gave rise to this litigation—a requirement that Judge Adams undergo a mental health evaluation. June Order at 4. Notwithstanding Judge Adams's quibbles in his opposition memorandum ("Opp."), ECF No. 21, with the wording of the Order, its import is clear: Judge Adams is no longer required to undergo the evaluation. Although Judge Adams speculates that the Judicial Council might revive the withdrawn requirement, there is no reasonable basis for that conjecture. Indeed, Judge Adams has indicated no intent to engage in further misconduct, which the Judicial Council made clear would be a necessary predicate for any further action. Because the June Order, coupled with the absence of misconduct by Judge Adams, provides "sufficient assurance" that Judge Adams will not be required to undergo the mental health evaluation—or, for that matter, suffer any other investigative or disciplinary action—this action should be dismissed as moot. *Coal. of Airline Pilots Ass'ns v. FAA*, 370 F.3d 1184, 1190 (D.C. Cir. 2004).

Judge Adams cannot avoid mootness by homing in on allegations of reputational harm based on his objection to one of the "findings" contained in the Judicial Council's February 2016 Order, namely that Judge Adams refused to cooperate with the Special Investigating Committee's investigation. That argument rests on a misreading of *McBryde v. Committee to Review Circuit Council Conduct & Disability Orders of Judicial Conference of U.S.*, 264 F.3d 52, 56-57 (D.C. Cir. 2001), which held that a dispute over a judicial council's "public reprimand" of a judge survived mootness. Here, by contrast, there was no reprimand of Judge Adams for refusing to cooperate. Moreover, as the *McBryde* court made clear, when a plaintiff's claimed "injury to reputation is alleged as a secondary effect of an otherwise moot action, we have required that

'some tangible, concrete effect' remain, susceptible to judicial correction." *Id.* at 57 (quoting *Penthouse Int'l, Ltd. v. Meese*, 939 F.2d 1011, 1019 (D.C. Cir. 1991)). Because Judge Adams's claimed reputational harm is a byproduct of the now-withdrawn evaluation requirement, he cannot avoid mootness by shifting emphasis to that different alleged injury.

Finally, Judge Adams's invocation of the "voluntary cessation" exception to mootness likewise fails. As noted above, the Judicial Council made clear that it would dismiss the misconduct complaint without further sanction so long as no misconduct occurs before June 2019, and neither Judge Adams nor anyone else has given any suggestion that such misconduct has occurred or will occur. It is therefore an entirely reasonable expectation that the mental health evaluation requirement will not recur; a contrary assumption would lack any evidentiary basis. And, even if misconduct does occur, and the Judicial Council elects to impose some adverse action before June 2019, Judge Adams can seek to challenge it—whatever form that hypothetical action might take—at that time and on the record that then exists. The Court should not now take up what is at best an abstract dispute that is merely possible and whose precise contours, assuming they ever take shape at all, cannot be known until some unspecified point in the future.

This case should be dismissed as moot.

## ARGUMENT

### A.   The June Order is not ambiguous.

Contrary to Judge Adams's contention, the Judicial Council need not have included any particular magic words to dispense with the requirement that he undergo a mental health evaluation. *See* Opp. 15. The June Order states that the Judicial Council "imposes no further sanction at this time" and that absent further misconduct it will dismiss the complaint by June 2019. June Order at 4. As Defendants pointed out in their opening brief, a point which Judge Adams conspicuously does not dispute, the Judicial Council has discontinued its investigation into

Judge Adams, including any requirement that he undergo a mental health evaluation. *See* Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") 20, ECF No. 20-1. Judge Adams's insistence that the June Order "contradicts" Defendants' mootness argument, Opp. 15, is at odds with both the text of the Order and the manner in which the Judicial Council has interpreted and implemented that Order.[1]

Judge Adams seizes on this perceived ambiguity in the Order to attempt to argue the factual merits of his original claims and accuse Defendants of "construct[ing] a narrative" at odds with his view of the facts. Opp. 2. But arguing the merits ignores the jurisdictional question before the Court that was occasioned by the June Order. Judge Adams resists mootness because, according to him, a "full review of the record" will vindicate his allegations. *Id.* That invitation to judicial factfinding simply *assumes* that subject matter jurisdiction exists in this Court—the very premise that Defendants dispute in their motion. Much as Judge Adams may take issue with Defendants' handling of the misconduct complaint, he cannot point to those disagreements as the basis to ignore the mootness of his claims.

**B.     Judge Adams's claim of reputational harm is insufficient to overcome mootness.**

Judge Adams cannot avoid dismissal on mootness grounds with his allegation of reputational injury flowing from the Judicial Council's findings against him. Opp. 16-18. In *McBryde*, the D.C. Circuit held that a judge's challenge to a public reprimand issued by a judicial council was not moot because the reprimand itself continued to be viewable by the public. 264 F.3d at 56-57. But unlike the plaintiff in *McBryde*, Judge Adams in this case has not challenged

---

[1] As noted above, Plaintiff reads too much into the language of the June Order that he seizes upon. Even crediting Plaintiff's reading of that language, however, close to half of the one-year jurisdictional retention period has passed without incident, and the Judicial Council's anticipated dismissal of the misconduct complaint is set for June 2019.

the Judicial Council's public reprimand of his conduct, which was in any event based exclusively on Judge Adams's issuance of the Show Cause Order, not the mental health evaluation, *see* Defs.' Mem. 14; *In re Complaint of Judicial Misconduct*, No. 06-13-90009 (Feb. 22, 2016) ("JC Mem.") at 28-29 (¶ 1), ECF No. 10-2.  Judge Adams cannot predicate his claim to jurisdiction on a claim that he has not asserted in the Complaint.

The *McBryde* court's reputational harm analysis in fact cuts sharply against Judge Adams's argument.  He has claimed a reputational harm based on, as he puts it, "the Judicial Council's finding that Judge Adams committed misconduct by objecting in good faith to the Special Committee's examination."  Opp. 16 (citing Compl. ¶¶ 60, 65, 69, 75, 79, ECF No.1).  The cited allegations of the Complaint each assert the same alleged harm to Judge Adams from his "objecting in good faith to undergoing a compelled psychiatric examination."[2]  But, as the court in *McBryde* made clear, this type of harm is no more than "a *collateral* consequence of a challenged sanction"—namely, the withdrawn mental health evaluation—which is not sufficient to overcome dismissal on mootness grounds.  *See* 264 F.3d at 57; *id.* ("[T]he Supreme Court has strongly suggested, without deciding, that where an effect on reputation is a *collateral* consequence of a challenged sanction, it is insufficient to support standing or, presumably, to escape mootness.").  Because the evaluation requirement itself has been removed "and can no longer be remedied," the "legally relevant injury is only the incremental effect of a record of the [mental health evaluation requirement]."  *Id.*  As the D.C. Circuit concluded in *McBryde*, that incremental effect is "not enough" "to preserve a case from mootness."  *Id.*; *see Foretich v. United States*, 351 F.3d 1198, 1212 (D.C. Cir. 2003) ("Our case law makes clear that where reputational injury is the lingering

---

[2] The only factual basis Plaintiff proffers for this alleged harm is a claim of "substantial media attention" and the content of his Wikipedia page. *See* Opp. 17.  But neither assertion is referenced in the Complaint, even assuming such harm were cognizable under D.C. Circuit precedent.

effect of an otherwise moot aspect of a lawsuit, no meaningful relief is possible and the injury cannot satisfy the requirements of Article III.").[3]

Judge Adams makes a final conclusory assertion that the reputational injury he claims is not collateral but rather a "direct result" of the Judicial Council's order.  Opp. 18.  However, as Judge Adams alleged in his Complaint, what he takes issue with is the reputational harm from "objecting in good faith to undergoing a compelled examination." *E.g.*, Compl. ¶ 60.  Regardless of how Judge Adams himself seeks to characterize his alleged harm, the D.C. Circuit has held that "where harm to reputation arises as a byproduct of government action, the reputational injury, without more, will not satisfy Article III standing *when that government action itself no longer presents an ongoing controversy*.  *Foretich*, 351 F.3d at 1212-13 (emphasis in original); *see also McBryde*, 264 F.3d at 57 ("We cannot see how [a declaratory judgment that the expired misconduct sanctions were unlawful] would rehabilitate [plaintiff's] reputation"); *Penthouse Int'l*, 939 F.2d at 1019 (declining to find alleged reputational injuries redressable when the letter alleged to have caused those injuries had been withdrawn).  Judge Adams's collateral challenge to the effects of the mental health evaluation requirement is just as moot as the challenge to the requirement itself.

### C. The voluntary cessation doctrine does not preclude dismissal on mootness grounds.

Finally, Judge Adams's invocation of the "voluntary cessation" exception to mootness cannot rescue the action from dismissal.  Opp. 18-21.  Indeed, contrary to Judge Adams's contention otherwise, Defendants in their opening memorandum provided ample basis to show why "the challenged conduct cannot reasonably be expected to start up again." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 189 (2000); *see* Defs.' Mem. 23-24.  As

---

[3] Although Plaintiff also disputes the Judicial Council's "retention of jurisdiction," Opp. 16, he fails to develop any argument, or even assert, that this retention causes separate, or even any, reputational injury.

Defendants explained, while there is concededly a bare *possibility* of a new mental health evaluation requirement in the event Judge Adams commits misconduct in the next seven-and-a-half months, there is no reason to expect that such misconduct will occur and that the Judicial Council will react.  Defs.' Mem. 23.  Even if such a hypothetical future action were to transpire, it would be a different action from what Judge Adams originally challenged. *See Clarke v. United States*, 915 F.2d 699, 703 (D.C. Cir. 1990) (en banc) ("[W]here plaintiffs are resisting a mootness claim we think they must be estopped to assert a broader notion of their injury than the one on which they originally sought relief.").  Moreover, it is undisputed that Judge Adams has committed no misconduct since the June Order and no party has claimed any basis to believe that this status quo will change before June of next year.  *See, e.g.*, *Larsen v. U.S. Navy*, 887 F. Supp. 2d 247, 258 (D.D.C. 2012) (rejecting voluntary cessation exception and finding moot a challenge to a Navy policy when "the Navy has not said that it will reenact the [challenged] Policy and the plaintiffs have not alleged as much")

Judge Adams's opposition casts no doubt on that expectation.  Much as Judge Adams may object to the Judicial Council's reservation of jurisdiction to act, if necessary, in the future, that "is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists." *Nat'l Black Police Ass'n v. D.C.*, 108 F.3d 346, 349 (D.C. Cir. 1997).  Even if the June Order creates, as Judge Adams puts it, "an exact roadmap" to a renewal of the mental health evaluation requirement, Opp. 19, he cannot point to any evidence that the Judicial Council is even contemplating following that roadmap, let alone that it has actually taken concrete action in that direction.  Given the Judicial Council's clearly expressed intention to dismiss the complaint absent further misconduct, Defendants have satisfied their "heavy burden" by showing that condition is likely to be met.  *See McBryde*, 264 F.3d at 56 ("When considering the likelihood that an injury

will be repeated, the Supreme Court has in general 'been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury.'" (quoting *Honig v. Doe*, 484 U.S. 305, 320 (1988))); *cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 104 (1983) (explaining that "Lyons' assertion that he may again be subject to an illegal chokehold does not create the actual controversy that must exist" and dismissing request for equitable relief for lack of standing). Judge Adams cannot recast the burden onto Defendants when the Judicial Council has already made clear the narrow circumstances in which the challenged conduct might reasonably be expected to recur, and Defendants have shown that those circumstances do not, and are unlikely to, exist.

## CONCLUSION

For the foregoing reasons and the reasons stated in their opening memorandum, Defendants' motion to dismiss should be granted and Plaintiff's Complaint dismissed as moot.

Dated: November 14, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JENNIFER D. RICKETTS
Director
Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Director
Federal Programs Branch

 */s/ M. Andrew Zee*
M. ANDREW ZEE
Trial Attorney (California Bar No. 272510)
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Avenue

– 8 –

San Francisco, CA 94102  
Telephone: (415) 436-6646  
m.andrew.zee@usdoj.gov

*Counsel for Defendants*