```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA


    John R. Adams,                  )
                                    ) Civil Action
                     Plaintiff,     ) No. 17-cv-1894
                                    )
    vs.                             ) STATUS CONFERENCE
                                    )
    Judicial Council of the Sixth   ) Washington, DC
    Circuit, et al.,                ) February 21, 2019
                                    ) Time:  10:30 a.m.
                     Defendants.    )
    _____

                  TRANSCRIPT OF STATUS CONFERENCE
                           HELD BEFORE
              THE HONORABLE JUDGE AMY BERMAN JACKSON
                    UNITED STATES DISTRICT JUDGE
    _____

                        A P P E A R A N C E S

    For the Plaintiff:      Paul J. Orfanedes
                            Robert D. Popper
                            JUDICIAL WATCH, INC.
                            425 Third Street, SW
                            Suite 800
                            Washington, DC 20024
                            (202) 646-5172
                            Email:  Porfanedes@judicialwatch.org
                            Email:  Rpopper@judicialwatch.org

    For the Defendants:     Michael Andrew Zee
                            U.S. DEPARTMENT OF JUSTICE
                            Civil Division, Federal Programs Branch
                            450 Golden Gate Avenue
                            San Francisco, CA 94102
                            (415) 436-6646
                            Email:  M.andrew.zee@usdoj.gov

    _____

    Court Reporter:         Janice E. Dickman, RMR, CRR
                            Official Court Reporter
                            United States Courthouse, Room 6523
                            333 Constitution Avenue, NW
                            Washington, DC  20001
                            202-354-3267
```

1       THE COURTROOM DEPUTY:  Good morning, Your Honor.
2  This morning we have civil action number 17-1894, John R. Adams
3  versus Judicial Counsel of the Sixth Circuit, et al.
4       Will counsel for the plaintiffs please approach the
5  lectern, identify themselves for the record.
6       MR. ORFANEDES:  Good morning, Your Honor.  Paul
7  Orfanedes for Judge Adams.
8       THE COURT:  Good morning.
9       MR. POPPER:  And Robert Popper for Judge Adams.
10       THE COURT:  All right.
11       THE COURTROOM DEPUTY:  Will counsel for the
12  defendants please identify himself for the record and name the
13  party or parties he represents, please.
14       MR. ZEE:  Good morning, Your Honor.  Andrew Zee from
15  the Department of Justice for the defendant.
16       THE COURT: All right.  Good morning.  You all can be
17  seated.
18       All right.  This complaint was filed in this case in
19  September of 2017, challenging action by the Judicial Council
20  of the Sixth Circuit and the Judicial Conference Committee on
21  Judicial Conduct and Disability.
22       There was a motion to dismiss on the merits that was
23  filed.  There were, I think, some efforts to resolve the
24  matters among the parties, but about a year later, on September
25  18th, 2018, the defense filed a motion to dismiss on mootness

1  grounds.  And the case was stayed in consideration of the
2  motion to dismiss on the merits, was stayed pending my
3  resolution of the mootness motion.
4           It was fully briefed by about November.  And after I
5  read everything at that time, I came to the conclusion that I
6  wanted to talk to everybody about an idea I had about how to
7  proceed.  And I'm not sure why it took so long to get you all
8  here, but I appreciate the fact that you're here.
9           So, I just want to go through a little bit of where I
10 understand the case stands.  And I haven't ruled on the motion
11 to dismiss for mootness grounds, but I'm going to indicate what
12 some of my concerns are and then make a proposal.
13          As I understand it, on July 10th, 2015, the Special
14 Committee made a report and recommendation to the Judicial
15 Council.  This is described in paragraph 44 of the complaint.
16 The Committee report found that Judge Adams had committed
17 misconduct in dealing with a magistrate judge, and also found
18 that his declining to undergo the psychiatric examination was
19 itself misconduct.  It recommended a public reprimand, that no
20 new cases be assigned to him for two years, that his docket be
21 transferred to other judges, and an order that he submit to a
22 psychiatric examination.  It also recommended that he be asked
23 to retire if he refused the examination.
24          On February 22nd, 2016 the Sixth Circuit Judicial
25 Council issued an order and memorandum.  The Council largely

followed the recommendations; no new cases were to be assigned to Judge Adams for two years and his then docket was to be transferred to other judges.  It ordered that the Special Investigating Committee would maintain jurisdiction for two years to ensure that he did not engage in any additional inappropriate behavior.  That's alleged in the complaint paragraph 46 to 48.

In April, April 14th of 2017, the Judicial Conference Committee ruled on Judge Adams' petition for review.  It affirmed the finding of misconduct and the Judicial Council's reprimand and the finding that declining the psychiatric exam was misconduct, although that was a matter of first impression.  It affirmed the order that he undergo the examination.  But it vacated the portion of the order saying that no new cases could be transferred to the judge because there was nothing in the record concerning his incapacity at that time.  However, it concluded that should Judge Adams continue to refuse to submit to the mental health examination, sanctions could be warranted.

At that point the case went back to the Sixth Circuit Judicial Council, and it is what it did on remand that prompted the briefing on the mootness question.

June 27, 2018 the Judicial Council issued an order that repeats the procedural history of the matter, including the order of the Review Committee.  It notes that after the portion of the Council's previous order concerning the

1    assignment of new cases was vacated and the matter was sent
2    back to the Special Committee, Judge Adams again refused the
3    psychiatric examination, and the Special Committee recommended
4    that the Judicial Council prohibit the assignment of new cases
5    to him for six months as a sanction.  Judge Adams again refused
6    and filed the lawsuit.
7             But when the Sixth Circuit Council convened to
8    consider the matter, it declined to halt assignment of cases to
9    Judge Adams.  It said, quote, Instead, the Judicial Council,
10   hopeful that Judge Adams can serve without any further
11   misconduct, imposes no further sanction at this time.  The
12   Judicial Council will review the matter in one year and will,
13   if no further misconduct has occurred, dismiss the complaint.
14   And this order is available on the docket, at docket 20-2.
15            So the defendant has moved to dismiss on mootness
16   grounds in light of the June 27, 2018 order of the Judicial
17   Council.  Judge Adams argues that the matter is not moot.  He
18   says, Well, the Council didn't vacate its previous findings
19   that I committed misconduct, nor did it vacate the order that I
20   submit to a psychiatric exam, and I'm still under observation
21   for a year, so my lawsuit is not moot.  While I think he may be
22   technically correct, that he remains under a cloud until June
23   2019, and that the finding of misconduct still stands, it does
24   appear that the Council has abandoned its demand that he
25   undergo the psychiatric examination.  And it is the psychiatric

1    examination that is the particular focus of the majority of the
2    counts in the lawsuit.
3            It also seems that when the Council, quote, declined
4    to halt assignment of cases to Judge Adams, close quote, it
5    effectively rejected the recommendation of the Special
6    Committee that he be sanctioned for refusing to submit to the
7    exam, even though it didn't use those words.
8            So it appeared to me, upon reading the order, that
9    there's no ongoing effort to secure compliance with the order
10   that Judge Adams challenged in this court, and the reply states
11   this unequivocally.
12           But I also think that counsel is being a little cute
13   in suggesting that the matter is totally moot.  The complaint
14   has not been dismissed and it will not be dismissed unless,
15   quote, no further misconduct has occurred, close quote.  It is
16   lovely that the Council said it is hopeful that this won't
17   happen, and that its reply reiterates, quote, Neither Judge
18   Adams or anyone else has given any suggestion that such
19   misconduct has occurred or will occur.  It is, therefore, an
20   entirely reasonable expectation that the mental health
21   evaluation will not recur, close quote.
22           I don't believe there is a reasonable expectation
23   component to mootness.  A matter is either moot or it's not.
24   And here, the Council has determined that it's going to keep
25   the matter open for a year.  I haven't dug into all the other

1  mootness arguments deeply, but I'm not sure that those are as
2  simple as counsel wants to make them either.
3        Defendants argue in the reply that since Judge Adams
4  is not challenging the reprimand for misconduct, and only the
5  psychiatric exam, the claim of reputational harm alone is not
6  enough to create a live controversy.  But the judge was
7  specifically reprimanded for refusing the psychiatric exam, as
8  well as for the conduct involving the magistrate judge, and
9  that was identified as an independent form of misconduct for
10 which he was reprimanded, and the reprimand still stands.
11       So I'm not entirely sure that I buy the defendant's
12 differentiation of the second reprimand as a mere, quote,
13 collateral consequence of a challenged sanction, close quote.
14 Or, quote, the lingering effect of an otherwise moot aspect of
15 a lawsuit, close quote.  Or a, quote, byproduct of government
16 action when that government action no longer presents an
17 ongoing controversy, close quote.
18       The order to undergo the exam was not simply a
19 sanction; the withholding of new cases was a sanction.  And as
20 I said earlier, the demand for an examination and the
21 alteration of his caseload are still both potentially hanging
22 over Judge Adams' head.
23       However, the abstract and inchoate nature of the
24 potential harm to Judge Adams raises, as the defendants
25 observed, a ripeness question as well.  So while I'm not

1    necessarily persuaded that this is the right time to dismiss
2    the case, I'm not necessarily persuaded that it's the right
3    time to move forward with it either.
4            Moreover, it's clear that the case could actually be
5    entirely moot as of June 27, 2019, if the complaint is
6    dismissed.  So it's not clear to me why we would wade into the
7    merits, or even the sticky mootness question, given the
8    significant legal problems with jurisdiction and the problems
9    with the mootness argument that we've already identified.
10           The case and the motion to dismiss on the merits are
11   already stayed due to the pendency of the motion to dismiss on
12   mootness grounds.
13           But I convened this status hearing to find out what
14   the parties think about deferring consideration of that motion
15   until June, which at the time I wrote these remarks down
16   involved a longer period than it involves now.
17           But I don't see why Adams should have to file a
18   lawsuit all over again if something happens in the next three
19   to four months.  But I also don't see why I need to rule on all
20   of this if this could all be resolved in three or four months.
21           So, that was a rather long-winded introduction.  And
22   since the plaintiff's lawyers are sitting here looking at me, I
23   will ask you first what you think about the proposal of just
24   putting everything on hold until we know whether the case is
25   moot or it's not?  And if everyone thinks they want time to

1    think about it and discuss it with your clients and get back to
2    me on another day, you're welcome to do that, too.
3              MR. ORFANEDES:  Paul Orfanedes for Judge Adams, Your
4    Honor.  I think we would like to take some time to discuss it
5    with our client.  Just one thought, though, is I think this
6    review was going to begin in June, arguably.  I don't know
7    who's going to be undertaking that review, how long it's going
8    to be taking, what form it's going to be taking, when the
9    Conference -- I'm sorry, the Council is going to meet again,
10   how long it would take for the Council to determine the results
11   of the review.  It took three months, between March when they
12   met and June when they issued this present order.  I recognize
13   that Council is nobody's day job.
14             So they have a lot of things on their plate.  It's
15   not clear that in June anything is going to be resolved.
16             THE COURT:  I understand that.  But, at the
17   conclusion of the review, the complaint could be dismissed.
18   And in that case, I think the argument about mootness is
19   considerably stronger and it isn't subject to a number of the
20   concerns that you've raised in your opposition to the motion to
21   dismiss.  So I take your point that it may not be June.
22             MR. ORFANEDES:  Okay.
23             THE COURT:  And I also think it is entirely
24   reasonable to want to think about something that I just said to
25   you for the first time, but that's why I've been trying to get

1  you in here since November.
2          Does counsel for the defendants have anything you
3  want to say at this point?
4          MR. ZEE:  Thank you, Your Honor.  Andrew Zee from
5  DOJ, again, for the defendants.
6          I will, like plaintiff's counsel, need to relay Your
7  Honor's proposal to my client, to obtain their views and their
8  position.  Standing here today, however, I can express that I
9  think it's -- it appears to be an eminently reasonable path
10 forward.  It would conserve both the parties' and, perhaps more
11 importantly, the court's resources in terms of deciding either
12 or both of the pending motions.
13         THE COURT:  All right.
14         MR. ZEE:  I would expect that I could obtain my
15 client's positions on this proposal relatively quickly.
16         THE COURT:  All right.  That was going to be my next
17 question.  Should we just say, perhaps, next Friday you could
18 each just file a brief notice and let me know what your point
19 of view is?
20         MR. ORFANEDES:  A week from tomorrow then?
21         THE COURT:  Yes.
22         MR. ORFANEDES:  Yes, that would be fine, Your Honor.
23         THE COURT:  Okay.  So that would be the 29th.
24         THE COURTROOM DEPUTY:  No, that would be March 1.
25         THE COURT:  March 1.  And if you need more time, just

```
 1    let me know you need more time.  But that would be helpful.
 2               MR. ORFANEDES:  Okay.
 3               THE COURT:  All right.  I realize I dragged you here
 4    in the snow and sleet for that, but is there anything further I
 5    need to take up from the plaintiff this morning?
 6               MR. ORFANEDES:  Not from Judge Adams' perspective.
 7               THE COURT:  Anything from the defense right now?
 8               MR. ZEE:  Your Honor, if I may -- and I apologize for
 9    this -- but if Your Honor can just restate the proposal so I
10    take it down clearly in relaying it to my client and reporting
11    back by next Friday.
12               My understanding of it was that there would be -- the
13    question on the table is whether the parties would agree, or
14    the defendants would agree to defer consideration of the
15    pending motion to dismiss on mootness grounds until June of
16    this year?
17               THE COURT:  Well, I think, with the information that
18    plaintiff's counsel has put before me, it would be until the
19    review to be conducted in June has been completed and we know
20    what the outcome is.
21               MR. ZEE: Understood.  Thank you, Your Honor.
22               THE COURT:  All right.  Okay.  Thank you very much,
23    everybody.
24               MR. ORFANEDES:  Okay.  Thank you.
25                                  *   *   *
```

```
 1                CERTIFICATE OF OFFICIAL COURT REPORTER

 2

 3          I, JANICE DICKMAN, do hereby certify that the above

 4     and foregoing constitutes a true and accurate transcript of my

 5     stenograph notes and is a full, true and complete transcript of

 6     the proceedings to the best of my ability.

 7                      Dated this 24th day of February 2018.

 8

 9

10                              /s/_____

11                              Janice E. Dickman, CRR, RMR
                                Official Court Reporter
12                              Room 6523
                                333 Constitution Avenue NW
13                              Washington, D.C. 20001
```