IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE HON. JOHN R. ADAMS,           )
                                  )
             Plaintiff,           )
                                  )
v.                                )        Civil Action No. 17-1894 (ABJ)
                                  )
THE JUDICIAL COUNCIL OF THE       )
SIXTH CIRCUIT, *et al.*,          )
                                  )
             Defendants.          )
_____  )

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff, by counsel and pursuant to Rule 15 of the Federal Rules of Civil Procedure and

Local Civil Rule 7(i) respectfully requests leave to file the attached Amended Complaint.  As

grounds therefor, Plaintiff states as follows:

## STATEMENT OF POINTS AND AUTHORITIES

1.       Plaintiff filed this action on September 14, 2017, seeking, among other relief, a

judgment declaring unlawful:  (1) Defendants' finding that Plaintiff committed misconduct by

objecting to undergoing a psychiatric examination; and (2) Defendants' order requiring Plaintiff

to undergo the examination.  Plaintiff also sought injunctive relief prohibiting the examination.

Defendant Judicial Council made the misconduct finding and issued the examination order in a

February 22, 2016 Order and Memorandum.  Defendant Review Committee affirmed both in an

August 14, 2017 Memorandum of Decision.

2.       On June 27, 2018, Defendant Judicial Council issued an order noting that Plaintiff

had declined to comply with the examination order.  The June 27, 2018 order stated, "[T]he

Judicial Council, hopeful [Plaintiff] can serve without further misconduct, imposes no further sanction at this time."  It continued, "The Judicial Council will review the matter in one year and will, if no further misconduct has occurred, dismiss the complaint."  Defendant Judicial Council did not rescind, retract, vacate, or withdraw the misconduct finding or examination order

3.      On June 27, 2019, Defendant Judicial Council issued a further order finding "no further misconduct by [Plaintiff]" and dismissing the complaint.  Again, it did not rescind, retract, vacate, or withdraw the misconduct finding or examination order.  It only noted that the order requiring Plaintiff to undergo a psychiatric examination was "no longer in effect."  Neither the misconduct finding nor the examination order have expired or will ever expire, and both the February 22, 2016 Order and Memorandum and the August 14, 2017 Memorandum of Decision remain publicly available on Defendants' websites.  The examination order in particular has received substantial media attention and is noted in the Wikipedia entry on Plaintiff.[1]

4.      Plaintiff seeks leave to amend his complaint to address these new developments. The proposed Amended Complaint, a copy of which is attached, includes allegations about the June 2018 and June 2019 orders and revises the various claims accordingly.  It removes the Fourth Amendment (Counts IV and V) and Improper Removal/Separation of Powers (Count VII) claims and makes clear Plaintiff no longer seeks injunctive relief prohibiting the examination.  It also includes factual allegations about the negative impact the misconduct finding and examination order have had on Plaintiff and makes minor, editorial changes to the previously pled factual allegations.

5.      Any claim that amendment is futile on mootness grounds is without merit.  A claim of reputational harm that "derives directly from an unexpired and unretracted government

---

[1]      *See* https://en.wikipedia.org/wiki/John_R._Adams.

action" is not moot.  *Foretich v. United States*, 351 F.3d 1198, 1213 (D.C. Cir. 2003); *see also*

*Meese v. Keene*, 481 U.S. 465, 473-74 (1987); *McBryde v. Comm. to Review Circuit Council*

*Conduct & Disability Orders of the Judicial Conference of the U.S.*, 264 F.3d 52, 57 (D.C. Cir.

2001).  "In *Foretich*, *McBryde*, and *Keene*, a governmental designation directly harmed the

plaintiff's professional reputation because the designation was inherently stigmatizing."

*Pulphus v. Ayres*, 909 F.3d 1148, 1153 (D.C. Cir. 2018); *see also Rangel v. Boehner*, 20 F.

Supp.3d 148, 160 (D.D.C. 2013) (reputational injury from censure by U.S. House of

Representatives of one of its members sufficiently concrete and particularized to constitute

Article III injury-in-fact).

6.      *McBryde* is exactly on point.  In *McBryde*, a federal judge suffered reputational

harm due to an "official determination" that he had engaged in misconduct – a pattern of abusive

behavior prejudicial to the effective and expeditious administration of the business of the courts

– and the Fifth Circuit's "record of his public reprimand."  *Pulphus*, 909 F.3d at 1153 (*citing*

*McBryde*, 264 F.3d at 56-57).  The judicial council and review committee in *McBryde* argued

the judge's claims were moot, but the Court disagreed:  "Any thought that the reprimand is a past

and irreversible harm is belied by the fact that it continues to be posted on the website of the

Fifth Circuit Court of Appeals."  *Id.*  "Were Judge McBryde to prevail on the merits it would be

within our power to declare unlawful the defendants' issuance of stigmatizing reports and

thereby to relieve Judge McBryde of much of the resulting injury."  *Id.*

7.      The same is true here.  Plaintiff's injury arises directly from unexpired and

unretracted government conduct.  Standing alone, the finding that Plaintiff committed

misconduct by objecting in good faith to undergoing the psychiatric examination demanded by

the Special Committee is materially indistinguishable from the misconduct finding in *McBryde*

and defeats any mootness claim.   In addition, the examination order cannot be divorced from the misconduct finding and is even more stigmatizing.   For an official entity like the Judicial Council to even question the mental health of a judge in its circuit is a substantial blow to the judge's reputation.   To order a judge to undergo a compelled psychiatric examination is far worse.[2]  Plaintiff's reputational injury is not merely a secondary or collateral consequence of the misconduct finding and examination order.   *McBryde*, 264 F.3d at 57-58 (citing *Penthouse Int'l Ltd. v. Meese*, 939 F.2d 1011, 1019 (D.C. Cir. 1991)).   It is a direct result of both the finding and the order.   Moreover, both the finding and the order remain public, caused obviously unwanted, adverse news reports about Plaintiff, and generated at least one judicial complaint.   Not only would declaring both unlawful relieve Plaintiff of much of the resulting injury as in *McBryde*, but it would enable him to seek reimbursement of his expenses under 28 U.S.C. § 361.

8.   The undersigned conferred with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement.   Counsel advised that Defendants oppose Plaintiff's motion.

WHEREFORE, Plaintiff respectfully requests leave to file the attached Amended Complaint.

---

[2]   Plaintiff is only aware of one other instance in the entire history of the federal judiciary – the case of Judge McBryde – in which a sitting federal judge was ordered to undergo a psychiatric examination. *McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders of the Judicial Conf. of the U.S.*, 83 F. Supp.2d 135, 142 (D.D.C. 1999).   The issue was not pursued in Judge McBryde's case, however. *Id.* at 142 n.5.   It was only upheld in Plaintiff's case.

Dated:  August 28, 2019

Respectfully submitted,

JUDICIAL WATCH, INC.

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716

*/s/ Robert D. Popper*
Robert D. Popper
D.C. Bar No. 1023592
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172
porfanedes@judicialwatch.org
rpopper@judicialwach.org

*Counsel for Plaintiff*