**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

THE HON. JOHN R. ADAMS,

         Plaintiff,

   v.

JUDICIAL COUNCIL OF THE SIXTH
CIRCUIT, *et al.*,

        Defendants.

Case No. 1:17-cv-01894-ABJ

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

## INTRODUCTION

Following dismissal of the underlying judicial misconduct complaint against Plaintiff, Judge John R. Adams, this Court asked Judge Adams "to address why this case should not be dismissed as moot."  Minute Order of July 8, 2019.  In a last-ditch effort to salvage his claims, Judge Adams has responded not by contesting mootness, but by seeking leave to amend his Complaint filed nearly two years earlier.  But Judge Adams's supposedly new claims are nothing more than a recharacterization of the same underlying facts.  His claims were—and remain—moot.

In seeking leave to amend, Judge Adams seeks to recast this case as one involving claims of reputational harm.  But he relies on the same underlying facts as have previously been asserted; namely, the Sixth Circuit Judicial Council's February 22, 2016 order that he undergo a mental health evaluation and related finding that his refusal to do so amounted to misconduct.  *See In re Complaint of Judicial Misconduct*, No. 06-13-90009 (Feb. 22, 2016) ("February 2016 Order") at 27 (¶ 3), ECF No. 10-2 at 67.  Judge Adams's proposed new claims could have been asserted from the outset of this case, and he makes no effort to explain why he delayed until now—nearly two years later—to assert them.  Defendants will suffer prejudice if, after they have already filed two dispositive motions seeking dismissal, the Court allows Judge Adams to change his theory of the case at this late juncture.

Apart from the unjustifiable delay in seeking leave to amend, Judge Adams's proposed claims are futile.  As noted in Defendants' original Motion to Dismiss, ECF No. 10, the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351–64, expressly precludes as-applied constitutional challenges, and Judge Adams's remaining Fifth Amendment vagueness claims fail on their merits.  In addition, the proposed claims are futile because they are moot.  On June 27, 2019, the Judicial Council dismissed the judicial misconduct complaint against Judge Adams,

noting that "jurisdiction over this matter is terminated, and the challenged requirements of the February 22, 2016 Order, including the directive that Judge Adams undergo a mental health evaluation, are no longer in effect." *In re Complaint of Judicial Misconduct*, No. 06-13-90009 (June 27, 2019) ("June 2019 Order"), ECF No. 26-1.  As the D.C. Circuit has explained, even when there are "continuing reputational effects" "of an otherwise moot action" that is not enough to survive mootness. *McBryde v. Committee to Review Circuit Council Conduct & Disability Orders of Judicial Conference of U.S.*, 264 F.3d 52, 57 (D.C. Cir. 2001).  For these reasons, Judge Adam's Motion for Leave to File Amended Complaint, ECF No. 27 ("Mot."), should be denied, and the original Complaint should be dismissed as moot.

## PROPOSED AMENDMENTS

Judge Adams's proposed amendments fall generally into two categories.  First, Judge Adams seeks to restate the factual basis for his claims.  Whereas Judge Adams's previous emphasis was on the Judicial Council's directive that he undergo a mental health evaluation, his proposed Amended Complaint ("Proposed FAC") includes a newfound focus on the Council's finding in its February 2016 Order that "Judge Adams committed misconduct by declining to undergo the Special Committee's examination."  Proposed FAC ¶ 44, ECF No. 27-1; *see also id.* ¶¶ 56-58, 63-64, 69, 72-73, 75-77.  Second, in lieu of his prior claim of injury based on the directive to undergo a mental health evaluation—a claim which has become moot—Judge Adams now asserts reputational harm from that directive as the central injury driving each of his claims for relief.  *See* Proposed FAC ¶¶ 63, 68, 72, 76.  For example, he claims that "Defendants' *ultra vires* and

unconstitutional finding and examination order proximately caused Plaintiff to suffer substantial harm, including but not limited to direct injury to Plaintiff's reputation." *Id.* ¶ 68.[1]

Judge Adams also seeks to omit certain claims and to modify the relief he seeks. No longer does Judge Adams wish to pursue his claims asserting Fourth Amendment violations or his claim for improper removal. Mot. ¶ 4. Judge Adams further seeks to drop his requests for injunctive relief and for wholesale invalidation of the Act, and instead requests declaratory relief that certain provisions of the Act are unconstitutional and that the misconduct finding and mental health evaluation directive are unlawful. Proposed FAC at 20.

## LEGAL STANDARD

At this stage in the litigation, a plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But "the grant or denial of an opportunity to amend is within the discretion of the District Court," and it may deny a motion to amend for a variety of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The possibility of prejudice to the defendant is "[t]he most important factor the Court must consider when deciding whether to grant a motion for leave to amend," *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006), and a party is prejudiced if, for example, the amendment would unduly

---

[1] Judge Adams also adds allegations that actors other than Defendants, such as a criminal defendant in one of his cases, unnamed appellate judges, and Wikipedia, have engaged in conduct adverse to him but entirely separate from the misconduct proceedings underlying this case. *See* Proposed FAC ¶¶ 53-54 (describing judicial misconduct complaint filed by criminal defendant and alleged non-recusal decisions by unnamed Sixth Circuit judges), ¶ 59 (alleging that Judge Adams's Wikipedia entry states that he was ordered to undergo a mental health evaluation).

protract the litigation, *see, e.g.*, *City of Williams v. Dombeck*, 203 F.R.D. 10, 13 (D.D.C. 2001);

*Hoffman v. United States*, 266 F. Supp. 2d 27, 33 (D.D.C. 2003) (court does not abuse its discretion

by denying a motion to amend that "appears to be nothing more than an effort to avoid an adverse

summary judgment ruling") (quotation omitted).   Also, "[a] district court may deny a motion to

amend a complaint as futile if the proposed claim would not survive a motion to dismiss."  *Hettinga*

*v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012) (per curiam).   In particular, where a proposed

amendment fails to state a plausible basis for standing, a motion to amend should be denied. *See*

*West v. Lynch*, 845 F.3d 1228, 1235 n.8 (D.C. Cir. 2017); *Williams v. Lew*, 819 F.3d 466, 471

(D.C. Cir. 2016).

## ARGUMENT

### A.    The proposed amendment is untimely and would cause undue prejudice.

Nearly two years following his original Complaint, Judge Adams seeks to rely on a

misconduct finding from the Judicial Council's February 22, 2016, Order to justify his last-minute

effort to amend his Complaint.   There is no reason why he could not have asserted claims based

on this misconduct finding when he filed his original Complaint on September 14, 2017.   *See* ECF

No. 1.   Further, Judge Adams waited until two days before his August 30, 2019 deadline to explain

why the case was not moot—a deadline which was itself set two months earlier when the parties

submitted their Joint Status Report notifying the Court of the dismissal of the underlying

misconduct proceeding.   In his Motion, Judge Adams offers no reason for this delay, and the

proposed amendment should be denied as untimely.  *See, e.g.*, *Atchinson v. Dist. of Columbia*, 73

F.3d 418, 427 (D.C. Cir. 1996) (affirming denial of a motion for leave to amend made two years

after the filing of the complaint); *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993)

(affirming denial of a stay to permit amendment of the complaint when the request was made 15

months after motions to dismiss had been filed).

In what may be an attempt to rationalize the delay, Judge Adams references certain developments that postdate the original Complaint, namely the Council's June 2018 Order and June 2019 Order.  *See* Mot. ¶¶ 2, 4.  But Judge Adams does not seek to challenge either of those actions.  Instead, the basis for each of the claims in the Proposed FAC is—in addition to the now-withdrawn mental health evaluation order—the misconduct finding, which dates back to February 2016, and which was affirmed by the Committee in August 2017.  *See* Proposed FAC ¶¶ 63, 68, 72, 76.  The June 2018 Order and June 2019 Order, by contrast, are conspicuously absent when Judge Adams recites the basis for his claims.  Thus, although Judge Adams purports to seek leave in order to "address . . . new developments," there is in fact nothing "new" underlying the claims he proposes to add to this case.  Rather, all of those claims could have been advanced back in 2017 when this action was originally filed.[2]

It may be that, confronted with the evident mootness of his original claims, Judge Adams has turned to a new theory of reputational harm in an effort to salvage this case.  If so, that is not a valid reason to permit amendment.  *See Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 133 (D.D.C. 2013) (holding that amendment should not be permitted to "make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal" (quotation omitted)).  If Judge Adams chose not to pursue this theory nearly two years ago when he initiated the action, he should not be permitted to do so now.

---

[2] To the extent Judge Adams asserts some harm from the June 2018 Order and June 2019 Order that is differentiable from the Judicial Council's February 22, 2016 Order, he did not pursue, let alone exhaust, the administrative avenues available to him to challenge either of those Orders.  *See* Rules for Judicial-Conduct and Judicial-Disability Proceedings ("JC&D Rules"), Rule 21(b)(1) (authorizing the subject judge of a misconduct complaint to "petition the Committee for review of a judicial-council order").

Judge Adams's Motion also arrives at what should be the concluding stage of this litigation, not an opportunity to restart the case anew.  Courts have not hesitated to deny amendment of the pleadings when, for example, "the parties are close to final resolution of the case, less than one month shy of the filing of dispositive motions," *Bloche v. U.S. Dep't of Def.*, No. 07-2050 (HHK/JMF) 2009 WL 1330388, at *2 (D.D.C. May 13, 2009), "the litigation has reached such an advanced stage as the briefing and argument of dispositive motions," *Steinberg v. U.S. Dep't of Justice*, No. 91-2740-LFO, 1993 WL 385820, at *4 (D.D.C. Sept. 14, 1993), or "the motion [for leave] is 'an effort to evade summary judgment,'" *Brown v. FBI*, 744 F. Supp. 2d 120, 123 (D.D.C. 2010) (quoting *Key Airlines, Inc. v. Nat'l Mediation Bd.*, 745 F. Supp. 749, 752 (D.D.C. 1990)). *See Wilderness Soc. v. Griles*, 824 F.2d 4, 19 (D.C. Cir. 1987) (affirming denial of leave when the request was made "more than a year after the filing of th[e] initial complaint and after dispositive motions had been filed and opposed"); *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (supplementation of a pleading is appropriate only if it "will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action").  Here, Judge Adams's request for leave comes up against two pending motions to dismiss, and the Court's request for reasons "why this case should not be dismissed as moot."  Minute Order of July 8, 2019.  Ample precedent supports denying leave in such circumstances.

Finally, permitting amendment at this stage of the litigation would prejudice Defendants. Had Judge Adams included his latest claims from the outset, Defendants could—and would—have addressed them in their original Motion to Dismiss, which was itself filed over twenty months ago. If leave is granted, however, Defendants will be required to file yet another motion to dismiss— their third—and "the resolution of this already-protracted litigation would be significantly

delayed," thus causing undue prejudice.  *Hoffmann*, 266 F. Supp. 2d at 33.  Judge Adams's unexplained delay of nearly two years in attempting to assert claims based on the Judicial Council's misconduct finding warrants denial of leave to amend.

**B.     The proposed amendment would be futile.**

Even if it were not untimely, Judge Adams's Motion should be denied because his claims are futile.  Not only are his claims subject to dismissal on the merits, they are moot.

First, the proposed claims are all subject to dismissal for the reasons stated in Defendants' original Motion to Dismiss of December 2017.  That is, the as-applied constitutional challenges (proposed Counts II and IV) are subject to dismissal for lack of subject matter jurisdiction.  *See* Defs.' Mem. Supp. Mot. to Dismiss 19-24, ECF No. 10-1; 28 U.S.C. § 357(c) ("Except as expressly provided in this section and section 352(c), all orders and determinations, including denials of petitions for review, shall be final and conclusive and *shall not be judicially reviewable on appeal or otherwise*." (emphasis added)); *McBryde*, 264 F.3d at 62-63 ("In short, we find the evidence clear and convincing that Congress intended § [357(c)] to preclude review in the courts for as applied constitutional claims.").  And the remaining claims (proposed Counts I and III), insofar as they raise facial challenges to provisions of the Act that survive § 357(c)'s preclusion of judicial review, do not state claims upon which relief can be granted because Judge Adams has not plausibly alleged that "no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987); *see* Defs.' Mem. Supp. Mot. to Dismiss 25-32, 36-38.

Second, beyond their fatal defects on the merits, the proposed claims are also futile because they are moot.  As Defendants explained at length in their Motion to Dismiss on Mootness Grounds, the removal of the requirement that Judge Adams undergo a mental health evaluation, and subsequent dismissal of the underlying misconduct complaint, "completely and irrevocably eradicated the effects of the alleged violation." *Coal. of Airline Pilots v. FAA*, 370 F.3d 1184,

1189 (D.C. Cir. 2004); Defs.' Mem. Supp. Mot. to Dismiss on Mootness Grounds 20-26, ECF No. 20-1.  Further, insofar as Judge Adams now seeks to vindicate an asserted "reputational harm" based on the Judicial Council's finding of misconduct in refusing to undergo the evaluation, that is no more than "a *collateral* consequence of a challenged sanction" which "is insufficient to support standing or, presumably, to escape mootness." *McBryde*, 264 F.3d at 57.  Put differently, "the incremental effect of a record of the [mental health evaluation requirement]" is "not enough" "to preserve a case from mootness." *Id.*; *see also Foretich v. United States*, 351 F.3d 1198, 1212 (D.C. Cir. 2003) ("Our case law makes clear that where reputational injury is the lingering effect of an otherwise moot aspect of a lawsuit, no meaningful relief is possible and the injury cannot satisfy the requirements of Article III."); Defs.' Reply Supp. Mot. to Dismiss on Mootness Grounds 3-5, ECF No. 22.

In his Motion, Judge Adams relies on *McBryde* to argue that a claim based on allegations of reputational harm can proceed, regardless of whether the action that caused the alleged harm is no longer in effect.  Mot. ¶¶ 6-7.  That argument is based on a misreading of *McBryde*.  In *McBryde*, the Fifth Circuit Judicial Council imposed three sanctions on the subject judge: a public reprimand, a suspension of new case assignments for one year, and a three-year suspension from participating in cases involving certain attorneys who testified during the misconduct investigation.  264 F.3d at 54.  Each of these sanctions was—and still is—authorized by the Act, and two of them are expressly enumerated.  *See* 28 U.S.C. § 354(a)(2)(A)(i), (iii).

Considering the question of mootness, the D.C. Circuit first concluded that "the two restrictions on Judge McBryde's docket have become moot" because they had expired.  264 F.3d at 55-56.  "The dispute over the public reprimand," by contrast, "remain[ed] alive." *Id.* at 56.  The court went on, however, to explain that "[a]t some point, . . . claims of reputational injury can be

too vague and unsubstantiated to preserve a case from mootness." *Id.* at 57.  Specifically, "when injury to reputation is alleged as a *secondary effect of an otherwise moot action*, we have required that 'some tangible, concrete effect' remain, susceptible to judicial correction."  *Id.* at 57-58 (quoting *Penthouse Int'l, Ltd. v. Meese*, 939 F.2d 1011, 1019 (D.C. Cir. 1991)) (emphasis added). Thus, any "continuing reputational effects" flowing from the moot one-year and three-year docket suspensions were, according to the D.C. Circuit, "not enough."  *Id.* at 57.  Differentiating the "explicit condemnations" of the public reprimand sanction from the mere "incremental effect of a record of the suspensions," the court made clear that the latter was insufficient to overcome mootness.  *Id.*

Here, what Judge Adams seeks to vindicate is just the sort of "secondary effect" held inadequate in *McBryde*.  The entirety of the reputational injury that Judge Adams attributes to Defendants flows from the Judicial Council's imposition of a sanction—the mental health evaluation—that is unquestionably and undisputedly moot.  *See* Mot. ¶ 7 (challenging "the finding that Plaintiff committed misconduct by objecting in good faith to undergoing the psychiatric examination demanded by the Special Committee").  That Judge Adams also seeks to tack on an allegation regarding the Council's misconduct findings—namely that Judge Adams refused to cooperate with the mental health evaluation directive—is nothing more than an attempt to assert "the lingering effect of an otherwise moot aspect of a lawsuit." *Foretich*, 351 F.3d at 1212.  And he can no more escape mootness at this late juncture by restating his injury as "reputational" when he chose not to do so from the outset.  In such circumstances, "no meaningful relief is possible and the injury cannot satisfy the requirements of Article III."  *Id.*

Judge Adams conflates the public reprimand at issue in *McBryde*—an "official characterization" reflected in "stigmatizing reports," 264 F.3d at 57—with the Council's now-

inoperative mental health evaluation requirement and related misconduct finding.  While *McBryde* held that a challenge to the former, in the circumstances of that case, was not moot, it held just the opposite when considering a challenge to "a secondary effect of an otherwise moot action."  *Id.* at 57.  Notably, though the Judicial Council did issue a public reprimand of Judge Adams, *see* February 2016 Order 28-29 (¶ 1), ECF No.10-2 at 68-69, he has elected not to challenge it (or even mention it in his Proposed FAC other than in passing, *see* Proposed FAC ¶ 42), and that reprimand was in any event for issuing a show cause order to a Magistrate Judge—conduct wholly separate from Judge Adams's refusal to cooperate with the mental health evaluation.  Judge Adams's attempt to recast this case as one of reputational injury based on the Council's now-moot directive to undergo a mental health evaluation, coupled with its misconduct finding based on Judge Adams's lack of cooperation in response to that directive, does not survive mootness.[3]

### C.   If leave to amend is denied, the Court should grant Defendants' pending Motion to Dismiss on Grounds of Mootness.

Following the parties' Joint Status Report indicating that the underlying misconduct complaint had been dismissed, the Court invited Judge Adams to "address why this case should not be dismissed as moot."  Minute Order of July 8, 2019.  Rather than contest mootness, Judge

---

[3] Despite Judge Adams's conflation of the two, a "reprimand" is not the same thing as a "finding." A reprimand is explicitly identified as one of the "possible actions" a judicial council may take if a misconduct complaint is not dismissed. *See* 28 U.S.C. § 354(a)(2)(A)(iii) (authorizing a judicial council to "censur[e] or reprimand[] such judge by means of public announcement"); JC&D Rule 20(b)(1)(D)(i). A "finding" on the other hand is something a Special Committee is *obligated* to make and typically provides the factual basis for any action subsequently taken by a Judicial Council. *See* 28 U.S.C. § 353(c) ("Such report [of the Judicial Council] shall present both the findings of the investigation and the [special] committee's recommendations for necessary and appropriate action by the judicial council of the circuit."); JC&D Rule 17 ("The special committee must file with the judicial council a comprehensive report of its investigation, including findings and recommendations for council action."); JC&D Rule 20(f) (requiring orders of Judicial Councils to "be accompanied by a memorandum setting forth the factual determinations on which it is based and the reasons for the council action").

Adams filed his Motion.   Indeed, Judge Adams's request for leave to amend is, in effect, a concession that the case as framed by the current pleadings is moot.   Thus, if the Court denies leave to amend, it should grant Defendants' Motion to Dismiss on Grounds of Mootness, which is fully briefed and ripe for decision, and dismiss this case in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for leave to amend the Complaint should be denied.   In addition, this Court should dismiss this case for the reasons stated in Defendants' pending Motion to Dismiss on Grounds of Mootness.

Dated:  September 19, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JENNIFER D. RICKETTS
Director
Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Director
Federal Programs Branch

 _/s/ M. Andrew Zee_
M. ANDREW ZEE
Trial Attorney (California Bar No. 272510)
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-6646
m.andrew.zee@usdoj.gov

_Counsel for Defendants_