IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HON. JOHN R. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 17-1894 (ABJ) |
| ) | |
| THE JUDICIAL COUNCIL OF THE ) | |
| SIXTH CIRCUIT, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, by counsel, respectfully submits this reply to Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint:

**I.       Introduction.**

Defendants misperceive if not misconstrue Plaintiff's proposed amended complaint. Contrary to Defendants' assertions, Plaintiff does not seek to "recast" his lawsuit or raise "new claims." Defs' Opp. (Dkt. No. 29) at 2.[1] All the claims pled in the proposed amended complaint, including claims of reputational harm, were pled in the original complaint. The proposed amendment merely eliminates previously pled claims for injunctive relief, as well as Count VII, in light of the Judicial Council's June 27, 2019 decision to no longer pursue enforcement of the February 22, 2016 examination order, as affirmed by the Review Committee on August 14, 2017, and end what effectively was two years of probation. The proposed

---

[1]       All page numbers refer to the page number of the Docket Entry, not the page number of the individual document.

amended complaint also includes a handful of new factual developments that arose after Plaintiff initiated this action on September 14, 2017, but these merely supplement and add further support to Plaintiff's claims.  Proceeding under the updated, proposed amended complaint will be more efficient and convenient than proceeding under the old complaint, which obviously does not and could not take into account the Judicial Council's June 27, 2019 decision.  The motion should be granted.

## II. All the Claims Pled in the Proposed Amended Complaint Were Pled in the Original Complaint.

Count I of both the original complaint and the proposed amended complaint alleges that 28 U.S.C. § 351(a) – the disability provision of the Judicial Conduct and Disability Act ("the Act") – is unconstitutionally vague under the Fifth Amendment insofar as it purports to authorize compelled psychiatric examinations of federal judges and, relatedly, findings of misconduct for objecting to a compelled examination.  *Compare* Compl. (Dkt. No. 1) at ¶¶ 58 and 59 (referencing both the misconduct finding and examination order) *with* Amd. Compl. (Dkt. No. 27-1) at ¶¶ 62-64 (same).  It is a facial challenge, not an as applied challenge.  Count I of the original complaint differs from Count I of the proposed amended complaint only in that the proposed amended complaint no longer seeks injunctive relief prohibiting Defendants from requiring Plaintiff to undergo a psychiatric examination.   Any other changes are immaterial.

Likewise Count II of both the original complaint and the proposed amended complaint allege that the examination order and misconduct finding were *ultra vires* and unconstitutional. *Compare* Compl. (Dkt. No. 1) at ¶ 64 (alleging that the compelled examination "is *ultra vires* and unconstitutional, as is disciplining Plaintiff for objecting to the examination.") *with* Amd. Compl. (Dkt. No. 27-1) at ¶67 (alleging that "Defendants' misconduct finding was *ultra vires* and unconstitutional, as was Defendants' examination order.").  Count II is a facial challenge to

Defendants' authority to order federal judges to undergo psychiatric examinations, and, correspondingly, any finding that a judge commits misconduct by objecting to a compelled examination. Again, the only real difference between the two pleadings is that Plaintiff no longer seeks injunctive relief prohibiting Defendants from requiring him to undergo the examination.

Count III of both the original complaint and the proposed amended complaint alleges that the Act's investigative authority provision – 28 U.S.C. § 353(c) – is unconstitutionally vague under the Fifth Amendment to the extent it purports to authorize compelled psychiatric examinations of federal judges and, accordingly, findings of misconduct for objecting to such examinations. *Compare* Compl. (Dkt. No. 1) at ¶ 69 (referencing both "requiring Plaintiff to undergo a compelled psychiatric examination and disciplining Plaintiff for objecting in good faith to undergoing a compelled psychiatric examination.") *with* Amd. Compl. (Dkt. No. 27-1) at ¶¶ 71-73 (referencing both Defendants' misconduct finding and examination order). It too is a facial challenge. It obviously bears on both the examination order and the misconduct finding, because, with respect to the latter, there can be no lawful finding of misconduct for objecting to a compelled examination if there is no lawful authority to compel the examination in the first place. Again, the only difference between the two pleadings is that the proposed amended complaint no longer seeks injunctive relief prohibiting Defendants from requiring the examination.

Counts IV and V of the original complaint have been omitted from the proposed amended complaint. The former Count IV alleged that the Act violated the Fourth Amendment to the extent it authorized compelled psychiatric examinations of federal judges. It was a facial challenge. The former Count V alleged that Defendants lacked the factual basis for requiring

Plaintiff to undergo a compelled psychiatric examination, and, accordingly that the examination order violated Plaintiff's Fourth Amendment rights. It was an as applied challenge.

Count VI of the original complaint is now Count IV of the proposed amended complaint. It is and always has been an as applied due process claim that challenges both the examination order and the misconduct finding. *Compare* Compl. (Dkt. No. 1) at ¶ 82 ("Defendants' determination that Plaintiff committed misconduct by objecting in good faith to undergoing an involuntary examination and Defendants' order requiring Plaintiff to undergo a compelled psychiatric examination violated Plaintiff's Fifth Amendment rights.") *with* Amd. Compl. (Dkt No. 27-1) at ¶ 75 ("Defendants' misconduct finding and examination order violated Plaintiff's Fifth Amendment right to due process."). The claim as pled in the proposed amended complaint is not substantively different from the claim as pled in the original complaint, with the single exception that Plaintiff no longer seeks injunctive relief prohibiting Defendants from requiring Plaintiff to undergo the examination.

Plaintiff has omitted Count VII of the original complaint from the proposed amended complaint.

Any doubt about whether the claims in the proposed amended complaint were pled in the original complaint is further demonstrated by reviewing the briefs the parties previously submitted to the Court on Defendants' two motions to dismiss. Plaintiff raised both the examination order and the misconduct finding in the opening paragraph of the introduction to his July 10, 2018 opposition to Defendants' original motion to dismiss. Plf's Opp. (Dkt. No. 17) at 10. The opposition references both the examination order and misconduct finding throughout its 54 pages. Likewise, in the introduction to his October 24, 2018 opposition to Defendants' motion to dismiss on mootness grounds, Plaintiff unambiguously asserted: "The proceedings

resulted in a February 22, 2016 Order and Memorandum . . . finding that Judge Adams committed misconduct by failing to undergo a psychiatric examination demanded by the Special Committee . . . The order directed Judge Adams to undergo the examination." Plf's Opp. (Dkt. No. 21) at 5.  The opposition continued, with respect to the Judicial Council's June 27, 2018 Order:  "The order does not withdraw, vacate, or otherwise reconsider or rescind the earlier misconduct finding or the order that Judge Adams undergo an involuntary psychiatric examination." *Id.* at 6.  The brief was replete with references to Plaintiff's claims about both the misconduct finding and the examination order.  *See*, *e.g.*, *id.* at 19-22.  In their reply, filed nearly 10 months ago, Defendants described Plaintiff as "homing in" on allegations of reputational harm "based on his objection" to the misconduct finding.  Defs' Reply (Dkt. No. 22) at 4.  They did not argue Plaintiff never brought such a claim.  Referencing both the misconduct finding and the examination order, they argued, "Judge Adams claim of reputational harm is insufficient to overcome mootness." *Id.* at 4-5.  While Plaintiff respectfully submits that Defendants were (and are) wrong about mootness, they appear to have forgotten their own earlier arguments about Plaintiff's "reputational" claims.  Neither Plaintiff's challenge to the misconduct finding nor his challenge to the examination order are new claims.

## III.    Defendants' Timeliness/Prejudice Argument is Baseless.

When viewed in their proper context, it is obvious that Defendants' timeliness and prejudice arguments are baseless.  There is no timeliness issue or prejudice to Defendants.  Plaintiff has been asserting the same claims – including his challenges to Defendants' misconduct finding and examination order – since this litigation began more than two years ago.  Plaintiff's motion to amend is not a "last-ditch" or "last-minute" effort.  Defs' Opp. (Dkt. No. 29) at 2.  This litigation is not in its "concluding stage." *Id.* at 7.  It is just beginning.

Defendants' original motion to dismiss, filed December 21, 2017, has not even been fully briefed. No Rule 16 scheduling conference has ever been held.

Plaintiff did not delay bringing any claims for nearly two years, as Defendants contend. Defs' Opp. (Dkt. No. 29) at 4 and 5. As Plaintiff has shown, he has asserted the same claims since the start of this litigation. Defendants also fail to explain how Plaintiff could have amended his complaint any earlier when it was the Judicial Council's own actions – most significantly its June 27, 2019 decision not to enforce, but to leave standing, the examination order – that precipitated the proposed amendment. The parties agreed to the briefing schedule on Defendants' original motion to dismiss, partly to enable Defendants time to evaluate their position. *See*, *e.g.*, Joint Motion to Extend (Dkt. No. 11) at 1-2. It also was Defendants, not Plaintiff, who encouraged the Court to stay this action between June 27, 2018 and June 27, 2019 to enable the Judicial Council to review Plaintiff's conduct. Defs' Response to Proposal for Further Proceedings (Dkt. No. 23) at 1. Plaintiff asserted that the case should continue, not be stayed. Plf's Response to Proposal for Further Proceedings (Dkt. No. 25) at 102. Plaintiff's proposed amendment plainly is not untimely. It is as timely as it could be.

Defendants make no showing of prejudice whatsoever. They do not demonstrate how or why they will be prejudiced by the proposed amendment. Their prejudice argument is nothing more than empty words. If anything, the proposed amended complaint simplifies Plaintiff's lawsuit because it omits some claims and requests for relief and focuses on what remains truly at issue following the Judicial Council's June 27, 2019 order. Defendants will not be prejudiced in the least. If anyone has been prejudiced it is Plaintiff, who has been forced to endure the opprobrium of the misconduct finding and examination order while Defendants reevaluated their position.

## IV.     Defendants' Futility Argument Has No Merit.

Defendants attempt to conflate Plaintiff's proposed amendment with the arguments they raised in their original motion to dismiss, filed December 21, 2017, but still not fully briefed. *See* Defs' Opp. (Dkt. No. 29) at 2 and 8.  Plaintiff demonstrated that those arguments were without basis in his 54-page opposition.  Plf's Opp. (Dkt. No. 17).  Likewise, Defendant asserts that amendment is futile for the reasons they argued in the motion to dismiss on mootness grounds, filed September 19, 2018.  *See* Defs' Opp. (Dkt. No. 29) at 8-9.  Like with Defendants' original motion to dismiss, Plaintiff demonstrated in his 26-page opposition that Defendants' arguments lacked merit.  Plf's Opp. (Dkt. No. 21).  Plaintiff will not repeat or even try to summarize the 80 pages of arguments he presented in his previous oppositions.  He respectfully refers the Court to those arguments and incorporates them herein by reference instead.

Only one point – the proper reading of *McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders*, 264 F.3d 52 (D.C. Cir. 2001) – warrants a further response.  At issue in *McBryde* was the public reprimand of a federal judge for conduct "prejudicial to the effective and expeditious administration of the business of the courts" – the same finding Defendants made against Plaintiff with respect to his good faith objection to undergoing the Special Committee's psychiatric examination.  *See* Amd. Compl. (Dkt. No. 27-1) at ¶ 44.  In addition to a misconduct finding, Judge McBryde was prohibited from being assigned new cases for a one-year period and was suspended for three years from presiding over cases involving lawyers who had participated in the investigation of him.  *McBryde*, 264 F.3d at 54.  By the time Judge McBryde's lawsuit arrived at the D.C. Circuit, the suspensions had expired.  *Id.* at 55.  In addressing mootness, the Court found Judge McBryde's challenge to the misconduct finding remained alive: "Any thought that the reprimand is a past and irreversible harm is belied by the

fact that it continues to be posted on the website of the Fifth Circuit Court of Appeals . . . Even absent that use of modern technology, it would be a part of the historical record." *Id.* at 56-57. It held, "Were Judge McBryde to prevail on the merits if would be within our power to declare unlawful the defendants' issuance of stigmatizing [Special Committee and Judicial Conference] reports and thereby to relieve Judge McBryde of much of the resulting injury." *Id.* at 57. By contrast, the Court found the effect of the one- and three-year bans on the judge's reputation were "not enough" to survive a mootness challenge: "[T]he most we could say at McBryde's behest is that in imposing and affirming the suspension sanction[s] the Judicial Council and Review Committee performed acts reserved by the Constitution to the House and a two-thirds majority of the Senate. We cannot see how this would rehabilitate his reputation." *Id.* at 57.

Defendants focus on the suspensions and ignore the misconduct finding because it suits their interest.[2] They also ignore the underlying principles of law, which counsel that reputational harm derived "directly from unexpired and unretracted government action" is not moot. *Foretich v. United States*, 351 F.3d 1198, 1213 (D.C. Cir. 2003); *see also Meese v. Keene*, 481 U.S. 465, 473-73 (1987); *Pulphus v. Ayres*, 909 F.3d 1148, 1153 (D.C. Cir. 2018); *Rangel v. Boehner*, 20 F. Supp.3d 148, 160 (D.D.C. 2013).[3] Both *McBryde*'s holding as to the misconduct finding in that case and the underlying principles of law favor Plaintiff and require a finding that Plaintiff's challenges to Defendants' misconduct finding and examination order are not moot. Like the misconduct finding in *McBryde*, they are part of the historical record that cannot be

---

[2]   They also ignore Plaintiff's argument that declaring both the misconduct finding and examination order unlawful would enable Plaintiff to seek reimbursement of his expenses under 28 U.S.C. § 361. Plf's Motion (Dkt. No. 27) at 4; *see also* Amd. Compl. (Dkt. No. 27-1) at ¶ 57.

[3]   Defendants ignore *Meese*, *Pulphus*, and *Rangel* even though Plaintiff relied on them substantially in his motion.

erased and are deeply stigmatizing.  They have neither expired nor been retracted.  Declaring them unlawful will "relieve [Plaintiff] from much of the resulting injury."  *McBryde*, 264 F.3d at 57.

It is irrelevant that Judge McBryde received a "public reprimand."  The misconduct finding against Plaintiff is no less public nor any less of a reprimand because it was not labeled as such.  The D.C. Circuit in *McBryde* did not focus on the label attached to the reputational harm suffered by the judge in that case.  It focused on the public nature of the action taken against the judge.  *McBryde*, 264 F.3d at 56-57.  Like the reports in *McBryde*, the Judicial Council's February 22, 2016 Memorandum and Order and the Review Committee's August 14, 2017 Memorandum of Decision containing the misconduct finding and examination order continue to be posted on Defendants' websites.  Amd. Compl. (Dkt. No. 27-1) at ¶¶ 50 and 58.  Also like the reports in *McBryde*, both decisions are part of the historical record.  *Id.* at ¶¶ 50 and 59.  Nor can the two be separated like the misconduct finding and the suspensions in *McBryde*.  Unlike the suspensions in *McBryde*, the finding that Plaintiff committed misconduct by objecting in good faith to undergoing the Special Committee's psychiatric examination cannot be divorced from the examination order.  The reputational harm Plaintiff suffered from both the misconduct finding and the examination order cannot be separated either.  Both are inherently stigmatizing and derive directly from unexpired and unretracted government action.

## V.     Plaintiff's Purported Concession.

Defendants' final argument is that Plaintiff's motion for leave to amend somehow constitutes a concession that his current complaint is moot.  That is not at all the case.  Rather, it is a gross oversimplification of the litigation's present posture.  Plaintiff recognizes that the Judicial Council's June 27, 2019 decision affects some but not all of the claims pled in his

original complaint.  These include Plaintiff's claims that would enjoin enforcement of the obviously stigmatizing and highly prejudicial psychiatric examination order the Judicial Council says it no longer seeks to enforce but has not retracted.  The affected claims are very much intermixed with the unaffected claims, however, a point Plaintiff made in his earlier opposition to Defendants' motion to dismiss on mootness grounds.  *See* Plf's Opp. (Dkt. No. 21) at 20-22.  The proposed amended complaint separates out the affected from the unaffected claims, allowing the parties and the Court to focus on what remains at issue.  It does not at all concede that the current complaint is moot because, as Plaintiff has demonstrated, his challenges to the misconduct finding and examination order have been part of this case from its inception.

**VI.    Conclusion.**

The parties and the Court could proceed under the original complaint.  Many of the legal arguments remain essentially the same.  The proposed amended complaint is narrower and more focused because it takes into account the Judicial Council's subsequent action.  Amending the complaint in the manner Plaintiff proposes is not only timely, but also is more convenient and efficient for the parties and the Court, will not prejudice anyone, and is in the interest of justice.

- 11 -

Dated:  September 26, 2019 	Respectfully submitted,

	JUDICIAL WATCH, INC.

	*/s/ Paul J. Orfanedes*
	Paul J. Orfanedes
	D.C. Bar No. 429716

	*/s/ Robert D. Popper*
	Robert D. Popper
	D.C. Bar No. 1023592
	425 Third Street SW, Suite 800
	Washington, DC 20024
	(202) 646-5172
	porfanedes@judicialwatch.org
	rpopper@judicialwach.org

	*Counsel for Plaintiff*